# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **ANTHONY TARELL SIMPSON,** ) | **Case No. 08-00344-TOM-13** |
| ) | |
| **Debtor.** ) | |
| ) | |

| | |
|---|---|
| **ANTHONY TARELL SIMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Adv. Proc. No. 08-00137** |
| ) | |
| **PRA RECEIVABLES** ) | |
| **MANAGEMENT, LLC and** ) | |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This adversary proceeding is before the Court following a hearing on June 23, 2008 on the Motion to Dismiss (adv. proc. doc. no. 7[1]) filed by PRA Receivables Management, LLC and Portfolio Recovery Associates, LLC (collectively, the "Defendants") and the Defendants' Brief in Support of Defendants' Motion to Dismiss (adv. proc. doc. no. 12). Appearing at the hearing were counsel for the Plaintiff/Debtor and counsel for the Defendants. At the hearing, the Court entered a scheduling order (adv. proc. doc. no. 14) setting forth certain deadlines for subsequent pleadings. Accordingly, pursuant to the Court's scheduling order, the Debtor filed his Brief in Opposition to Defendants' Motion to Dismiss (adv. proc. doc. no. 16), and the Defendants filed

1

their Reply Brief in Support of Defendants' Motion to Dismiss (adv. proc. doc. no. 17). After the deadline for post-hearing pleadings, the Defendants filed a Supplemental Submission containing simply a citation and copy of a case on point published after the filing deadline (adv. proc. doc. no. 18, 19) (admitted without objection). The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The Court has considered the pleadings, the arguments of counsel and the law and finds and concludes as follows.[2]

## Findings of Fact[3]

On January 25, 2008 (the "Petition Date"), the Debtor filed for protection pursuant to chapter 13 of Title 11 of the United States Code. The Defendants were not listed in any of the Debtor's schedules. On April 8, 2008, PRA Receivables Management, LLC, as agent of Portfolio Recovery Associates, LLC, successor in interest to EMCC, Inc. (Lichters Furniture) filed an unsecured claim, claim number 7, in the amount of $229.04. The attachment to the proof of claim indicates the loan was made on May 28, 1997 and the last payment received was made on February 28, 2001. The loan was sold to Portfolio Recovery Associates, LLC, according to the attachment, on December 2, 2004.

On April 9, 2008, the Debtor filed an objection to the proof of claim (doc. no. 40). In the objection, the Debtor asserted that the claim should be disallowed because it is outside the statute of limitations. A hearing on the objection was set for May 22, 2008.

---

[1] Pleadings filed in this adversary proceeding are referred to by "adv. proc. doc. no." while pleadings filed in the main bankruptcy case are simply referred to by "doc. no."

[2] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[3] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

2

Just prior to the hearing, on May 16, 2008, the Debtor instituted this adversary proceeding. In his complaint, the Debtor asserts claims against the Defendants for filing a false proof of claim, for contempt of court, and for violations of the Fair Debt Collection Practices Act[4]. The complaint seeks entry of a judgment against the Defendants, a finding of contempt, actual, compensatory and punitive damages, and an award of fees and costs[5].

At the May 22, 2008 hearing on the objection to claim, counsel for the Debtor, the Debtor, and Shea Patrick, staff attorney for the Standing Chapter 13 Trustee appeared. No one appeared on behalf of the Defendants. Based on the testimony of the Debtor, the Court sustained the Debtor's objection and entered an order disallowing claim number 7 as barred by the statute of limitations (doc. no. 59).

Following the May 22, 2008 hearing, the Defendants filed this motion to dismiss in the adversary proceeding for failure to state a claim upon which relief may be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## Conclusions of Law

In the Complaint, the Debtor seeks damages based on the Defendants "filing a false proof

---

[4] In the Complaint, the Debtor also objects to the Defendants' proof of claim; however, because the claim has since been disallowed as barred by the statute of limitations the Court need not address count 4 of the Complaint.

[5] Again, certain of the relief sought, specifically disallowance of the claim, is moot following the entry of the order disallowing claim number 7.

3

of claim," for contempt, and for violation of the Fair Debt Collection Practices Act. The Court will deal with each allegation separately.

To dismiss a case under Bankruptcy Rule 7016(b)(6), the Court must find that the plaintiff/debtor "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

### I.  Filing a False Proof of Claim

In the complaint, the Debtor alleges that the Defendants filed a false, deceptive, misleading or uncollectible proof of claim. The term "claim" is broadly defined in the Bankruptcy Code and includes any right to payment, whether in law or in equity. 11 U.S.C. § 101(5). The term "claim" is to be given the "broadest possible definition." Johnson v. Home State Bank, 501 U.S. 778, 83 (1991). It follows therefore that the term claim includes claims barred by the statute of limitations because the creditor has a right to receive payment. That the creditor could be barred if the debtor asserts a statute of limitations defense does not bar the creditor from filing such a claim.

Procedurally, the claims resolution process provides the remedy for time-barred claims. Initially, if the claim or debt is not scheduled by the debtor or scheduled as disputed, unliquidated or contingent, the claimant has the burden of filing a proof of claim pursuant to Bankruptcy Rule 3001(a). Once properly filed, a proof of claim is *prima facie* evidence of the claim's validity and amount. FED. R. BANKR. P. 3001(f). If the debtor contests the claim, the burden is on the debtor to object to the claimant's claim. Once the debtor has filed an objection to claim, the Court can disallow a claim on any of the grounds set forth in section 502(b) of the Bankruptcy Code. If, however, a claim that might otherwise be barred by the statute of

4

Case 08-00344-TOM13    Doc 78    Filed 08/29/08    Entered 08/29/08 09:51:46    Desc Main
Document      Page 4 of 7

limitations is not objected to, the claim will be paid pursuant to the Bankruptcy Code. On the other hand, if an objection is filed and sustained based on any number of grounds set forth in section 502(b), the claim will be disallowed. The filing of time-barred claims is one of the grounds set forth in section 502(b) further illustrating that the filing of a time-barred claim does not create a cause of action. The claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim. 11 U.S.C. §§ 502(b)(1), 558.

In this case, the Defendants filed a proof of claim, the Debtor objected and the Court disallowed the claim as barred by the statute of limitations. The Complaint fails to cite to any Bankruptcy Code provision that would provide relief for filing a false or misleading proof of claim outside of the normal claims allowance process, even if the Court were inclined to find that the Creditor filed a "false" or "misleading" claim. Accordingly, this count is due to be dismissed because the Debtor has not pled any set of facts that would entitle them to a recovery. Further, to the extent the Debtor is seeking relief pursuant to section 105 or seeking a finding that the filing of a time-barred claim (that would otherwise be allowed but for the statute of limitation defense), in and of itself, is a wrongful act or otherwise sanctionable, the Court will address those issues below.

    II.  <u>Contempt Pursuant to Section 105 of the Bankruptcy Code</u>

Section 105(a) provides that the Court can issue any orders or judgments that are "necessary or appropriate" to carry out the Bankruptcy Code. It appears from the Complaint that the Debtor is seeking damages in the form of contempt for "filing a false proof of claim" pursuant to section 105. As noted above, the claim, as filed, is not false or fraudulent. The

Debtor has not asserted that the claim represents a invalid debt merely that it is time-barred. The claim therefore represents a valid debt owed by the Debtor. The statute of limitations does not extinguish that debt; rather it bars enforcement of the debt. This count must be dismissed as the Debtor has failed to state a claim upon which relief can be granted because the claim is not false or fraudulent[6].

### III. Fair Debt Collections Practices Act

In the Complaint, the Debtor asserts a violation of the Fair Debt Collection Practices Act ("FDCPA") for filing the "false" or "misleading" proof of claim. 15 U.S.C. § 1692. An FDCPA claim, however, cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim. Middlebrooks v. Interstate Credit Control, Inc., 2008 WL 2705496 (D. Minn. July 9, 2008); In re Varona, 388 B.R. 705 (Bankr. E.D. Va. 2008). The Debtor's remedy in dealing with an objectionable claim is already set forth in the claims allowance process and should be dealt with accordingly, as has already occurred in this case. Because the Debtor cannot prevail on his FDCPA claim, this count is likewise due to be dismissed.

A separate order, consistent with this Memorandum Opinion, and pursuant to Rule 9021

---

[6] The Court in In re Varona, 388 B.R. 705 (Bankr. E.D. Va. 2008) found that section 105 does empower the court to impose sanctions for the filing of a false or fraudulent claim but that a successfully raised statute of limitations defense did not render the claim false or fraudulent. This Court, however, declines to address this particular issue because it is not before the Court at this time.

6

Case 08-00344-TOM13    Doc 78    Filed 08/29/08    Entered 08/29/08 09:51:46    Desc Main
Document      Page 6 of 7

of the Federal Rules of Bankruptcy Procedure, will be entered.

       Dated this the 29th day of August, 2008.

                                      /s/ Tamara O. Mitchell
                                      United States Bankruptcy Judge